**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

Dated: July 15 2009

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 08-36496 |
| | ) | |
| Thomas Lee Wells and | ) | Chapter 7 |
| Deborah Sue Wells, | ) | |
| | ) | Adv. Pro. No. 09-3054 |
| Debtors. | ) | |
| | ) | Hon. Mary Ann Whipple |
| Bruce Comly French, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Jerry W. Luyben, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OF DECISION AND ORDER
### GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS

This adversary proceeding is before the court on Plaintiff's unopposed Motion for Judgment on the Pleadings ("Motion"). [Doc. # 13]. The Motion is brought under Federal Rule Civil of Procedure 12(c), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7012(b). Plaintiff, the Chapter 7 Trustee in Debtors' underlying bankruptcy case, seeks to avoid a judicial lien held by Defendant pursuant to 11 U.S.C. § 544(a)(1).

The district court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b) as a civil proceeding arising in or related to a case under Title 11. This proceeding has been referred to this

court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 84-1 of the United States District Court for the Northern District of Ohio. Proceedings to avoid liens are core proceedings that the court may hear and decide. 28 U.S.C. § 157(b)(1) and (b)(2)(K).

A Rule 12(c) motion for judgment on the pleadings is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th 2006). The proper standard for deciding a Rule 12(c) motion is the same as for a motion pursuant to Fed R. Civ. P. 12(b)(6). *See Comm'l Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 326 (6th Cir. 2007). Under that standard, the court must "construe the complaint in the light most favorable to the nonmoving party, accept the well-pled factual allegations as true, and determine whether the moving party is entitled to judgment as a matter of law." *Id.*

Section 544(a)(1) empowers a trustee to avoid liens that are not perfected as of the commencement of a debtor's case to the extent that a judgment lien creditor may do so. *Simon v. Chase Manhattan Bank (In re Zaptocky)*, 250 F.3d 1020, 1023 (2001). Under Ohio law, a judgment lien attaches to personal property, and therefore is perfected, when the property is seized in execution. See Ohio Rev. Code §§ 2329.02 and 2329.05; *Nelson Sand & Gravel, Inc. v. Erie Shores Resort and Marina, Inc.*, 91 Ohio App.3d 649, 654-655 (1993).

Plaintiff's complaint includes the following allegations:

(6) Judgment was entered . . . by the Court of Common Pleas of Van Wert County Ohio against the debtors in favor of [Defendant].

(7) On or about November 25, 2008, the Court issued a Praecipe to the Sheriff of Van Wert County Ohio, directing him to take possession of a 2001 Harley Davidson motorcycle owned by the debtors in satisfaction of the judgment. . . .

(8) On or about November 11, 2008 the debtors filed their voluntary petition in bankruptcy.

(9) By seizing the personal property of the debtors, [Defendant] has improved his position to the detriment of the Trustee.

(10) Plaintiff's interest as Trustee is superior to Defendant's interest in the property.

(11) Plaintiff is entitled to avoid Defendant's lien pursuant to 11 U.S.C. 544(a)(1).

[Doc. # 1, Complaint, ¶¶ 6-11]. In his answer, Defendant admits paragraphs six, seven, nine, ten and eleven. Defendant properly denied paragraph eight. The court's docket in Debtors' underlying bankruptcy case reflects that Debtors filed their petition on November 26, 2008, not November 11 as alleged. Nevertheless, although the complaint does not explicitly allege when the motorcycle was seized and, thus, when Defendant's judgment lien attached, Defendant's admission of paragraphs ten and eleven is, in effect, an

2

admission that any lien that he has in the motorcycle was unperfected as of the commencement of the case. As such, Plaintiff has an interest in the motorcycle that is superior to any interest of Defendant and is entitled to avoid Defendant's lien under § 544(a)(1).

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Plaintiff's Motion for Judgment on the Pleadings [Doc. # 13] be, and hereby is, **GRANTED.** A separate judgment in accordance with this Memorandum of Decision will be entered.